629 F.2d 961
 AMERICAN HOME ASSURANCE CO., Appellee,
v.
VECCO CONCRETE CONSTRUCTION CO., INC. OF VIRGINIA, Vecco
Construction Industries, Inc., Vecco Concrete Construction
Co., Inc. of the District of Columbia, Vecco Concrete
Construction Co., Inc. of Maryland, Curry Concrete
Construction, Inc., Springfield Erectors, Inc., Raymond A.
Curry, Jr., Madelyn Curry, Richard A. Sevila, Sharon Sevila,
John Campbell, III, Regina Campbell, Appellees,
v.
MERCURY CONSTRUCTION CORPORATION, Appellant,
and
Baldwin and Gregg-William C. Overman Associates, Prince
William Board of County Supervisors,
Occoquan-Woodbridge/Dumfries-Triangle Sanitary District,
Stuart R. Baldwin, P. Porcher Cragg, George E. Langley,
Thomas J. McDonald, William C. Overman, Baldwin and
Gregg-Langley, McDonald & Overman, William C. Overman
Associates, Occoquan-Woodbridge Sanitary District,
Third-Party Defendants.
 No. 80-1161.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 5, 1980.
Decided Sept. 4, 1980.
 
 Joseph B. Mays, Jr., Birmingham, Ala. (A. H. Gaede, Jr., Bradley, Arant, Rose and White, Birmingham, Ala., Michael McGettigan, Murphy, McGettigan, McNally & West, Alexandria, Va., on brief), for appellant.
 John J. Sabourin, Jr., Alexandria, Va. (Richard W. Hausler, Falls Church, Va., Hazel, Beckhorn & Hanes, Fairfax, Va., on brief), for appellee Vecco Concrete Const. Co., Inc. of Virginia.
 Edward Gallagher, Washington, D. C. (Edward Graham Gallagher, Washington, D. C., on brief), for appellee American Home Assur. Co.
 Before BUTZNER and RUSSELL, Circuit Judges, and KIDD*, District Judge.
 KIDD, District Judge:
 This is an appeal from the district court's denial of appellant and third-party defendant, Mercury Construction Corporation's motion to dismiss proceedings against it or, alternatively, to stay all proceedings in the present action pending arbitration. For reasons set forth below, we reverse the decision of the district court and remand for further proceedings.
 I.
 Mercury Construction Corporation ("Mercury") entered into a contract with the Board of Supervisors of Prince William County, Virginia, agreeing to act as general contractor for the construction of a wastewater treatment plant. Subsequently Mercury subcontracted the structural concrete work to Vecco Concrete Construction Company, Inc. of Virginia ("Vecco"). American Home Assurance Company ("American Home"), acting as surety for Vecco, executed performance and payment bonds covering Vecco's subcontract. A number of guarantors, including Vecco and affiliated corporations, and six individuals who had financial interests in Vecco, executed a general agreement of indemnity guaranteeing Vecco's performance to American Home.
 On March 22, 1979, Mercury declared Vecco in default and demanded that American Home meet its obligations as surety for Vecco under its performance and payment bonds. Subsequently American Home paid Mercury the difference between the cost to complete Vecco's subcontract work and the balance left to be paid under the subcontract. American Home also made payments under its payment bond to suppliers of Vecco whom Vecco had failed to pay.
 American Home filed the present action in October of 1979 against Vecco and the other guarantors, seeking indemnification for sums paid under the performance and payment bonds and to obtain a declaratory judgment as to future losses. Vecco then filed a third-party complaint against Mercury, Baldwin and Gregg-William C. Overman Associates ("Consulting Engineers") and the Sanitary District, seeking indemnification for any sums which might be awarded American Home as well as damages for various alleged breaches of duty by the third-party defendants.
 The Consulting Engineers filed a cross-claim against Mercury for indemnification and contribution. Mercury then filed a counterclaim against Vecco alleging breach of contract. To complete the picture, American Home filed claims against Mercury, the Sanitary District and the Consulting Engineers for any sum due Vecco on its third-party complaint against them.
 Mercury then moved to dismiss the third-party complaint and crossclaim or, alternatively, to stay all proceedings against it pending arbitration. The district court denied the motion holding, inter alia, that Mercury had waived its right to arbitrate and was in default due to delay with proceeding with arbitration. Mercury noted its appeal from the denial of its motion and, after proper application, we stayed all proceedings in the court below pending this expedited appeal.
 II.
 Mercury's subcontract with Vecco provides in pertinent part:
 "If any question of fact shall arise under this contract . . . then either party hereto may demand an arbitration by reference to a Board of Arbitration . . ."
 Mercury argues that the above contractual language and the applicability of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., compel the granting of its motion to stay. Vecco argues that its contract with Mercury is not subject to the Act since the contract is not one "evidencing a transaction involving commerce."[1]
 Before the Federal Arbitration Act becomes applicable to the instant case, two findings must be made: (1) there was an agreement in writing providing for arbitration and (2) the contract evidences a transaction involving interstate commerce. Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956). There is no disagreement regarding the first and we hold that the second requirement, that of a transaction involving interstate commerce, has been met by Mercury.
 The record reveals that the transaction between Mercury, a Delaware Corporation with its principal place of business in Montgomery, Alabama, and Vecco, a Virginia Corporation, included subcontracts and purchase orders for products and equipment shipped to Virginia from Maryland, Alabama, Utah, Missouri and California. Non-resident employees were involved in the project. A New York bonding company guaranteed Vecco's performance. All of this evidence clearly demonstrates that the contract between Vecco and Mercury was one evidencing a transaction involving interstate commerce as contemplated by the Federal Arbitration Act. See, e. g., Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (2d Cir. 1961), cert. denied 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961); Galt v. Libbey-Owens-Ford Glass Co., 376 F.2d 711 (7th Cir. 1967).
 The Act requires that this action be stayed pending arbitration unless it is shown that Mercury is in default in proceeding with arbitration. 9 U.S.C. § 3. The district court refused to order a stay, apparently believing Mercury to be in default.[2] However, we believe that Mercury has proceeded with its demand for arbitration in a timely manner. Mercury had no disagreement with Vecco until Vecco brought suit against Mercury. Mercury had been paid by the surety to complete the work Vecco had left undone. Subsequently when the surety sought recovery against Vecco and Vecco in turn sought recovery against Mercury, then and only then did Mercury have formal notice of Vecco's claim against it. Shortly thereafter Mercury moved for a stay. It therefore cannot be said that Mercury defaulted in proceeding with arbitration since the time could run only from the instant Mercury knew a dispute existed.
 Mercury is clearly entitled to a stay of the third-party action. And since questions of fact common to all actions pending in the present matter are likely to be settled during the Mercury-Vecco arbitration, we find that all litigation should be stayed pending the arbitration proceedings. While it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action. To assure that the stay of all proceedings requested by Vecco will not prejudice American Home, Vecco shall be required to give bond in an amount sufficient to save American Home harmless pending the stay. Any fears of lengthy delays are allayed since the district court has such control of its docket as to insure against unwarranted delay due to the arbitration proceedings.
 This case is remanded to the district court for further proceedings consistent herewith.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable William M. Kidd, United States District Judge for the Southern District of West Virginia, sitting by designation
 
 
 [1]
 9 U.S.C. § 2 provides:
 A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
 
 
 [2]
 The district court stated that "Vecco has not elected to submit its claims against Mercury to arbitration. In the absence of Vecco's demand for arbitration, Mercury has the right to demand arbitration. It has not elected to so do. Mercury had some two-and-one-half years to seek arbitration-it is too late to do so after suit has been filed."