CITY OF BISMARCK, Appellant,

v.

TOLTZ, KING, DUVALL, ANDERSON AND ASSOCIATES, INC., Minn-Kota Excavating, Inc., and St. Paul Fire and Marine Insurance Company, Appellees.

No. 85–5164.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1985.

Decided July 3, 1985.

Christopher S. Hayhoe, Edina, Minn., for appellant.

Laura S. Underkuffler and James Littlefield, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, PHILLIPS,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

LAY, Chief Judge.

The City of Bismarck, North Dakota (City) appeals the district court's [1] September 26, 1984 order staying the instant litigation pending resolution of the disputes in arbitration between the City and Minn-Kota Excavating, Inc. (Minn-Kota). The court had made an earlier finding in a declaratory action between the City and Minn-Kota that the disputes were referable to arbitration under the arbitration clause of the parties' construction contract. Minn-Kota urges that the City should be collaterally estopped in this action because of the district court's earlier finding. The City, in addition, argues Minn-Kota is not entitled to a stay of the litigation pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 (1982), because it failed to give proper notice of its claims as required by the parties' contract. We reject the City's contentions and affirm the order of the district court.

**Factual and Procedural Background**

The City and Minn-Kota, a Minnesota corporation, entered into a construction contract on June 23, 1981 in which Minn-Kota agreed to construct a sanitary sewer addition to the City's existing sewer system. After disputes arose between the parties, the City brought an action against Minn-Kota seeking a declaratory judgment that the disputes between them arising from the performance of the contract were not arbitrable. By a final order dated December 30, 1982, the district court held the parties had agreed to arbitrate such disputes and ordered the parties to proceed to arbitration. The City did not appeal the judgment entered.

In April 1984 the City commenced the instant action against Minn-Kota; Toltz, King, Duvall, Anderson and Associates, Inc. (TKDA); and St. Paul Fire and Marine Insurance Company (St. Paul) asserting its claims arising from the contract. Minn-Kota responded that the disputes between the City and Minn-Kota concerning the project are to be resolved by arbitration pursuant to the contract, and that the City's lawsuit was barred by a prior decision of the court which was res judicata. Because it had previously ordered the City and Minn-Kota to proceed to arbitration, the district court ordered a stay of the proceedings pending such arbitration. The City appeals from this order.

**Analysis**

■ This court has jurisdiction over the district court's order. In *Mellon Bank, N.A. v. Pritchard-Keang Nam Corp.*, 651 F.2d 1244, 1247 (8th Cir.1981), we held an order staying the court's own proceedings was appealable if the following criteria were met: (1) the original cause of action could have been maintained only at law in the days preceding the single form of action, and (2) the stay is sought to permit the interposition of an equitable defense. The second requirement of the test is met in this case, because in *Mellon* this court held the interposition of an arbitration agreement is clearly an equitable defense. *Id.* at 1247–48. The first requirement is also met because the City's complaint and Minn-Kota's counterclaim contain only legal claims for money damages. The parties have denied the existence of any equitable claims. Thus, we find the district court's order is an appealable order.

■ Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Under the related doctrine of collateral estoppel, once an issue is actually and necessarily determined

---

* The HONORABLE HARRY PHILLIPS, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana,* 440 U.S. at 153, 99 S.Ct. at 973; *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). The legal issue presented to the district court in the declaratory action brought by the City against Minn-Kota in 1982 is the same as that presented to the district court in this litigation—whether disputes between the City and Minn-Kota arising from the contract must be resolved by arbitration pursuant to the contract executed by the parties. In the earlier action, the district court determined the City was "compelled to proceed to arbitration." Thus, because the parties have had a full and fair opportunity to litigate the issue, the parties should not be allowed to relitigate the proper interpretation of the arbitration clause of the contract. *See Montana,* 440 U.S. at 153, 99 S.Ct. at 973.

■ The City contends, however, that controlling legal principles have changed since the district court's earlier decision and special circumstances warrant a reconsideration of the arbitration issue in this action. Under *Montana,* the City's assertions are properly considered in determining the appropriate application of collateral estoppel. *Id.* at 155, 99 S.Ct. at 974. The City points out that in ruling on the arbitration issue, the district court in its December 30, 1982 order stated: "[t]he Plaintiff claims, and the Defendant does not contest interpretation of the contract pursuant to the laws of North Dakota." The City then argues that since the district court's ruling, the North Dakota Supreme Court had occasion to construe the same arbitration contract provisions as found in the contract between the City and Minn-Kota, and reached the opposite conclusion as the district court. In *Wagner Bros. v. City of Williston,* 335 N.W.2d 328, 330 (N.D.1983),

the North Dakota Supreme Court held that a contractual clause providing "[t]his agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law" referred to the applicable law in North Dakota. Because North Dakota has a statute declaring "[a]n agreement to submit a controversy to arbitration" cannot be specifically enforced, N.D.Rev.Code § 32–04–12(3) (1943), the court held the arbitration clause was not specifically enforceable.[2]

■ While it is true the district court in its December 30, 1982 order construed the arbitration clause according to North Dakota law, the contract in this case is clearly governed by federal law. The district court's order now on appeal granted the defendants' motion to stay, which was brought pursuant to section 3 of the Arbitration Act. The district court granted the stay "pursuant to 9 U.S.C. § 3." At oral argument, counsel for the City conceded the written arbitration provision is part of a "contract evidencing a transaction involving commerce" within the meaning of 9 U.S.C. § 2. Interpretation of an arbitration agreement affecting commerce is determined by federal law. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1463 (9th Cir.1983) ("Federal law * * * applies to our determination of the scope of this arbitration agreement."); *ATSA of California, Inc. v. Continental Insurance Co.,* 702 F.2d 172, 175 (9th Cir. 1983) ("Determining what claims fall within the class of disputes governed by an arbitration agreement is a question of federal law."); *American Home Assurance Co. v. Vecco Concrete Construction Co.,* 629 F.2d 961, 963 (4th Cir.1980). Thus, because construction of the arbitration clause is not governed by the law of North Dakota, the City's argument based on an alleged change in North Dakota law has no merit. The fact that the district court considered North Dakota law in its earlier interpreta-

**2.** If the arbitration agreement in *Wagner Bros.* had been one involving commerce and therefore governed by federal law, the North Dakota statute rendering arbitration agreements unen- forceable no doubt would have been preempted by the Federal Arbitration Act under *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 861, 79 L.Ed.2d 1 (1984).

tion of the contract does not alter the preclusive effect of the court's determination of the arbitration issue. In *Johnson Controls, Inc. v. City of Cedar Rapids, Iowa,* 713 F.2d 370, 373 (8th Cir.1983), this court stated that "applicable non-discriminatory state law may provide a helpful reference in formulating the federal rule of decision" under the Arbitration Act. Because federal substantive law concerning the interpretation of arbitration agreements within the coverage of the Arbitration Act has not materially altered since the district court's December 30, 1982 order, normal rules of preclusion should bar the City from relitigating the identical question regarding interpretation of the arbitration clause. We further find the City has failed to show the requisite "special circumstances" that would justify an exception to general principles of estoppel. *See Montana,* 440 U.S. at 162, 99 S.Ct. at 978.

■ We next consider the City's argument that Minn-Kota has forfeited its claims by failing to give proper notice as required by section 30.1 of the Additional Supplemental General Conditions of the contract. Although the district court apparently did not decide in the earlier declaratory action whether proper notice was given, it found in the instant case that "[t]here has been no showing that the applicants for the stay, Minn-Kota, and its liability carrier, St. Paul Fire and Marine, are in default in proceeding with such arbitration." Section 3 of the Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*

9 U.S.C. § 3 (1982) (emphasis added). The City has failed to prove the district court's factual finding of no procedural default was clearly erroneous. We also refer to *Contracting Northwest, Inc. v. City of Fredericksburg, Iowa,* 713 F.2d 382, 386 (8th Cir.1983), in which this court held that procedural objections to arbitration, such as failure to satisfy notice requirements, should be left to the arbitrator. Thus, we affirm the district court's order compelling arbitration. The City can renew its objection based on the contractual notice requirements before the arbitrator.

■ Finally, we address the propriety of the district court's grant of the stay pending arbitration. A trial court's stay of an action will be overturned only for abuse of discretion. *See Mediterranean Enterprises,* 708 F.2d at 1465. Although only Minn-Kota and the City contracted to arbitrate their disputes arising from the project, the district court stayed the litigation as to all the parties, including TKDA, the engineer, and St. Paul, the bonding company. This type of procedure was approved by the Fourth Circuit in *American Home Assurance Co. v. Vecco Concrete Construction Co.,* 629 F.2d 961, 964 (4th Cir.1980):

> While it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action.

Moreover, in *Contracting Northwest,* 713 F.2d at 387, this court found such a stay was authorized by section 3 of the Arbitration Act, as well as by the district court's inherent power to control its docket:

> Section 3 of the Arbitration Act, which permits a court to stay *"any* suit ... brought in any of the courts of the United States upon *any* issue referable to arbitration," is broad enough to permit the stay of litigation between nonarbitrating parties as long as that lawsuit is based on issues referable to arbitration under an arbitration agreement governed

by the Arbitration Act. 9 U.S.C. § 3 (emphasis added). In any event, the district court had the inherent power to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.

*See also Mediterranean Enterprises*, 708 F.2d at 1465. The above analysis is equally applicable to the instant case, and we therefore find the district court did not abuse its discretion by staying the action pending resolution of the disputes in arbitration. Accordingly, we affirm the order of the district court.