**Allen V. JAFFE, Plaintiff,**

**v.**

**John ZAMORA, Tenet Healthcare dba Fountain Valley Regional Hospital and Medical Center, Defendants.**

**Case No. SACV 14–01478–CJC(RNBx).**

United States District Court,
C.D. California,
Southern Division.

Signed Oct. 23, 2014.

Allen V. Jaffe, Perris, CA, pro se.

E. Sean McLoughlin, Michael S. Turner, Warren J. Higgins, Hill Farrer & Burrill LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE CASE

CORMAC J. CARNEY, District Judge.

## I. INTRODUCTION

This is an employment action in which Plaintiff Allen V. Jaffe asserts claims for retaliation, wrongful termination, and wage-and-hour violations under the California Labor Code and federal Fair Labor Standards Act against Defendants Tenet Healthcare Corporation dba Fountain Valley Regional Hospital and Medical Center ("Tenet") and John Zamora. Plaintiff filed his First Amended Complaint ("FAC") in Orange County Superior Court on August 25, 2014, and the action was removed to this Court on September 12, 2014. (*See* Dkt. No. 1, Exh. A [FAC].) Before the Court is Tenet's motion to compel arbitration of Mr. Jaffe's claims and stay the proceeding pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 3, 4. (Dkt. No. 12 ["Mot. Compel Arbitration"].)

Mr. Jaffe has not filed an opposition.[1] For the reasons discussed below, Tenet's motion is GRANTED.[2]

## II. BACKGROUND

According to the allegations in the FAC, Mr. Jaffe, a licensed respiratory therapist, was employed at two healthcare facilities owned and operated by Tenet between 2009 and 2013. Mr. Jaffe was hired by Tenet-owned JFK Memorial Hospital on October 12, 2009. (FAC at 9.) In February 2010, Mr. Jaffe transferred to a second Tenet facility, Fountain Valley Regional Hospital and Medical Center, where he worked until he was terminated as part of a reduction in force on July 3, 2013. (FAC at 12, 27.) At the time he was initially hired, on October 12, 2009, Mr. Jaffe signed a document acknowledging that he received a copy of the company's employee handbook, and further stating that he "voluntarily agree[s] to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes except 'Excluded Issues,' that are related in any way to [his] employment or the termination of [his] employment with Tenet." (Dkt. No. 12 at 19–29, Decl. of Timothy Howard ["Howard Decl."] ¶ 14; Exh. 4.) The document specified that the arbitration would be conducted before an experienced arbitrator chosen by Mr. Jaffe and Tenet, and that it would be conducted under the FAA and the procedural rules of the American Arbitration Association ("AAA"). (Howard Decl. Exh. 4.) It further specified that Tenet would pay all arbitration fees and administrative costs above an amount equal to one day's pay and that Tenet was also required to submit to binding arbitration any claims it may have against Mr. Jaffe. (Howard Decl. Exh. 4.) When Mr. Jaffe was hired he also received a copy of Tenet's employee handbook which set out in detail the applicable arbitration rules and procedures as part of the company's "Fair Treatment Process." (See Howard Decl. Exhs. 2, 4.) In January 2010, when Mr. Jaffe transferred to a different Tenet facility, he again signed an acknowledgment agreeing to submit all employment-related claims to binding arbitration with the same substantive terms as the 2009 acknowledgment. (See Howard Decl. Exh. 5.) Mr. Jaffe again acknowledged that he received and reviewed a hard copy of Tenet's Fair Treatment Process detailing the arbitration procedures. (See Howard Decl. Exh. 5.) Finally, after Tenet updated its employee handbook in 2012, Mr. Jaffe was required to review it a third time as well as complete an online course and tutorial regarding the handbook. (See Howard Decl. ¶¶ 18–29; Exhs. 8, 9.) The updated handbook included substantively the same Fair Treatment Process with the same terms for final and binding arbitration. (See Howard Decl. ¶ 18; Exh. 1.)

Mr. Jaffe filed the Complaint in this action on July 3, 2014, and the FAC on August 25, 2014. The FAC asserts eleven claims for retaliation, wrongful termination, and wage-and-hour violations under the California Labor Code, various other California statutes, and the federal Fair

---

1. Tenet's motion could be granted on this basis alone. *See* Local Rule 7–12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion" [with an exception not applicable here].) Nevertheless, the Court finds that the motion prevails on the merits as well.

2. Having read and considered the papers presented by Tenet, the Court finds this matter appropriate for disposition without a hearing. *See* Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for October 27, 2014 at 1:30 p.m. is hereby vacated and off calendar.

Labor Standards Act, as well as claims for age discrimination and fraud and deceit under California law. (*See* FAC.)

## III. ANALYSIS

### A. Arbitration Agreement

■ Under the FAA, a "written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2. The FAA reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT & T Mobility LLC v. Concepcion*, — U.S. ——, 131 S.Ct. 1740, 1745, 179 L.Ed.2d 742 (2011); *see also Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir.2002) ("The [FAA] not only placed arbitration agreements on equal footing with other contracts, but established a federal policy in favor of arbitration."). In deciding whether to enforce an arbitration agreement, the court must determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir.2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.2000)); *see also* 9 U.S.C. § 2.

■ Pursuant to the allegations in the FAC, it appears that Mr. Jaffe contends the arbitration agreement he signed is unenforceable on unconscionability grounds. (*See* FAC at 33.) Determining the validity of an arbitration agreement is a question of contract interpretation and thus governed by state law. *Circuit City*, 279 F.3d at 892. "Parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to

limit with whom a party will arbitrate its disputes." *Concepcion*, 131 S.Ct. at 1748–49 (internal citations omitted). Arbitration agreements may, however, be declared unenforceable pursuant to "generally applicable contract defenses," such as "fraud, duress, or unconscionability." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Under California law, a court may refuse to enforce a provision of a contract if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000); Cal. Civ.Code § 1670.5(a). This analysis is performed on a sliding scale: " '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' " *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052 (9th Cir.2013) (quoting *Armendariz*, 24 Cal.4th at 99, 99 Cal.Rptr.2d 745, 6 P.3d 669).

■ The first prong of the unconscionability test, procedural unconscionability, focuses on "oppression" or "surprise" due to unequal bargaining power at the time the parties entered into the agreement. *Armendariz*, 24 Cal.4th at 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (internal quotation marks omitted). Mr. Jaffe agreed to be bound by Tenet's Fair Treatment Process and the arbitration agreement on three separate occasions. The terms of the agreement are set forth in clear and simple language in the acknowledgments and employee handbook. Moreover, Mr. Jaffe completed an interactive online course and tutorial regarding Tenet's employee handbook on December 18, 2012. (*See* Howard Decl. Exh. 8.) Mr. Jaffe has not provided any basis for finding procedural unconscionability in the cir-

cumstances surrounding the three occasions in which he agreed to arbitration. *Cf. Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916 (9th Cir.2013).

██ Mr. Jaffe has likewise failed to show that the arbitration agreement is substantively unconscionable. Substantive unconscionability involves "overly harsh" or "one-sided" results. *Armendariz*, 24 Cal.4th at 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (internal quotation marks omitted). Substantive unconscionability may be found in the employment context where the arbitration agreement is not mutual, that is, where it requires the employee to arbitrate claims but not the employer, or where the agreement limits the damages or remedies available to employees. *Id.* at 115–21, 99 Cal.Rptr.2d 745, 6 P.3d 669. The agreements Mr. Jaffe signed mutually require him and Tenet to arbitrate all claims either may have. In addition, the agreements provide that Tenet is to pay all arbitration fees and costs above one day's pay, that the arbitration will be conducted before a neutral arbitrator under the rules of a well-recognized arbitration administrator, the AAA, and that the arbitrator has the authority to award any remedy that would be available in court. Mr. Jaffe has not shown any indicia of substantive unconscionability.

Finally, this dispute is within the scope of the arbitration agreement. The agreements Mr. Jaffe signed encompass "any and all claims and disputes except 'Excluded Issues,' that are related in any way to [his] employment or the termination of [his] employment with Tenet." (*See* Herman Decl. Exhs. 4, 5.) All the claims asserted by Mr. Jaffe in this action arise directly from his employment with Tenet and do not involve any of the "Excluded Issues" specified in the agreement. (*See* Herman Decl. Exhs. 1, 2.) The agreement thus encompasses this dispute and the action must be compelled to arbitration.

**B. Stay Pending Arbitration**

██ The FAA authorizes federal courts to stay proceedings pending arbitration. 9 U.S.C. § 3. Where some litigants are not parties to the arbitration agreement, the court may nonetheless stay the entire action if "arbitration of claims against a party to an arbitration agreement is likely to resolve factual questions coextensive with claims against nonparties to that arbitration agreement." *Koridze v. Fannie Mae Corp.*, 593 F.Supp.2d 863, 872–73 (E.D.Va.2009). This procedure is premised on " 'considerations of judicial economy and avoidance of confusion and possible inconsistent results.' " *Id.* (quoting *Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Va.*, 629 F.2d 961, 964 (4th Cir.1980)). Two of the claims in Mr. Jaffe's FAC are pled against Mr. Jaffe's supervisor, John Zamora, in addition to Tenet. There is no indication that Mr. Zamora was ever served with the Complaint or FAC or has otherwise appeared in this action. In any event, arbitration of Mr. Jaffe's claims against Tenet is likely to resolve significant factual questions at issue in Mr. Jaffe's claims against Mr. Zamora. Therefore, the Court finds that a stay of the entire action is warranted.

**IV. CONCLUSION**

For the foregoing reasons, Tenet's motion to compel arbitration is GRANTED. This action shall be stayed pending completion of the arbitration.