**MONEY POINT DIAMOND CORP. t/a Jacobson Metal Company, Plaintiff,**

v.

**BOMAR RESOURCES, INC., Defendant.**

Civ. A. No. 86–937–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 27, 1987.

Mark T. Coberly, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for plaintiff.

Thomas B. Kelly, Seawell, Dalton, Hughes & Timms, Norfolk, Va., for defendant.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on a Motion to Compel Arbitration filed by the defendant Bomar Resources, Inc. (Bomar). Bomar entered into a contract with the plaintiff Jacobson Metal Company (Jacobson) for the purchase of approximately 10,000 long tons of steel scrap.

The plaintiff alleges in Count I of its Complaint that Bomar breached the contract with the plaintiff by failing to load on board the M/V KONSTANDINOS V, a vessel under charter by Bomar, the amount of steel scrap that was required under the contract. Plaintiff alleges that Bomar had already partially loaded the M/V KONSTANDINOS V and that the ship did not have enough remaining cargo capacity to take the full 10,000 long tons of steel from the plaintiff.

In Count II, Jacobson alleges that Bomar has breached its contract by failing to pay the balance due on the contract. Jacobson alleges that there is an outstanding balance due of $46,000.

In Count III of the Complaint, Jacobson alleges that it is the third-party beneficiary

of a contract entered into between the defendant Bomar and Taiwan Trading Ltd. (Taiwan). The plaintiff alleges that Taiwan entered into a contract with Bomar for space aboard the M/V KONSTANDINOS V for carriage of goods that Taiwan had purchased from plaintiff. Jacobson alleges that Bomar also breached its contract with Taiwan by not having enough remaining cargo capacity aboard the M/V KONSTANDINOS V. The plaintiff alleges that such breach caused direct harm to the plaintiff because Taiwan could not accept delivery of the goods, and the goods could not be resold because of their unique character.

■ The defendant has filed a Motion to Stay Proceedings and Compel Arbitration. The contract entered into between Jacobson and Bomar contains the following arbitration clause:

> Any controversy or claim arising out of or relating to this agreement or any alleged breach there of shall be determined by arbitration in New York City in accordance with the rules then obtaining of the American Arbitration Association. The decision of the arbitrators shall be final and binding upon the parties and may be entered as a judgement [sic] in any court having competent jurisdiction and made a rule of court.

The Court finds that Jacobson's contract claims against Bomar in Counts I and II of the Complaint clearly fall within the ambit of the arbitration clause of their agreement and are thus arbitrable. It has been held by this Court that "the district courts must grant a motion to stay proceedings and compel arbitration when the issue at trial is one which is referable to arbitration and the agreement providing for arbitration is in writing." *In re Jubilant Voyager Corp.*, 1983 A.M.C. 426 (E.D.Va.1983).

■ As to Count III, the Court finds that although there may be some overlap in the factual determinations with Counts I and II, the claim in Count III does not fall within the ambit of the arbitration clause found in the parties' agreement. Arbitration arises out of a contract between the

parties, and the Court cannot require them to submit to arbitration any dispute which they have not agreed to submit. *Marbeni America v. Hanyang*, 1977 A.M.C. 1130 (E.D.Va.1977).

■ The next question the Court must decide is what course of action it should follow where, as in this case, arbitrable claims are joined with a claim not subject to arbitration. It has been held that "where a party's arbitrable and non-arbitrable claims cannot be practically separated, it may be appropriate to deny arbitration of any of the claims." *In re Jubilant Voyager Corp.*, 1983 A.M.C. 426 (E.D.Va. 1983). However, the Court finds that in this case, although there may be some overlap in the factual determinations with the plaintiff's contract claims and Count III, the claims are not "intertwined" in the legal sense and can be practically separated. *See Sibley v. Tandy Corp.*, 543 F.2d 540, 543 (5th Cir.1976).

*Sibley* is a case that originates from a corporate merger agreement containing a provision for arbitration of differences arising from the agreement. Differences arose, and the plaintiff sued asserting breach of contract claims, federal and state securities law claims, and common law fraud claims. The Court held that the district court erred in refusing to require arbitration of the contract claims and to stay the securities and fraud claims pending arbitration.

The Court stated that

> [u]nquestionably, the facts are to some degree intertwined and overlapping. But all of the policy reasons supporting arbitration apply here where arbitration may establish that a securities claim does not exist because the claimant's own assertions with respect to arbitrable issues are correct. The parties, by their agreement, committed the resolution of contractual disputes to arbitration. Both the policy behind the United States Arbitration Act and considerations of judicial economy required that [plaintiff's] contractual claims be submitted to arbitra-

tion and that the federal securities law claims be stayed pending the outcome of those proceedings.

*Sibley v. Tandy Corp.*, 543 F.2d 540, 544 (5th Cir.1976).

Accordingly, the Court GRANTS the defendant's Motion as to Counts I and II of the plaintiff's Complaint and DIRECTS the plaintiff to submit Counts I and II to arbitration in accordance with the parties' agreement and that resolution of Count III be stayed pending the outcome of the arbitration proceedings.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiff and defendant.

IT IS SO ORDERED.