**DELTA FINANCIAL CORPORATION, Plaintiff–Appellee,**

v.

**PAUL D. COMANDURAS & ASSOCIATES, Defendant–Appellant.**

No. 90–3194.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1991.

Decided Aug. 18, 1992.

As Amended Sept. 10, 1992.

302

Mark Alan Moorstein, Mark A. Moorstein, P.C., Manassas, Va., for defendant-appellant.

C. Torrence Armstrong, McGuire, Woods, Battle & Boothe, Alexandria, Va., (Sean F. Murphy, on brief), for plaintiff-appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

WIDENER, Circuit Judge:

Paul D. Comanduras & Associates, Limited (PDC) appeals from an order of the district court directing PDC to arbitrate its disputes with Delta Financial Corporation (Delta) and denying PDC's motion to stay such arbitration pursuant to the automatic stay provisions of 11 U.S.C. § 362. For the reasons set forth below, we vacate the order of the district court and remand for further proceedings.

In October 1987, PDC and Delta entered into a partnership agreement forming the Vanguard Limited Partnership (Vanguard). The initial stated business of the partnership was the acquisition and development of two parcels of land in Loudoun County, Virginia. Under the agreement, PDC was the general partner with sole power to conduct the partnership's development of two large subdivision projects, while Delta participated as a limited partner responsible for providing the necessary financing. The agreement also included a provision stating that "[a]ny dispute or controversy arising under, out of, in connection with or in relation to this Agreement ... shall be determined and settled by arbitration in Loudoun County, Virginia...."

Over the next several years, disputes did indeed arise between PDC and Delta with the result that, on October 22, 1990, Delta filed a complaint against PDC as defendant in the United States District Court for the Eastern District of Virginia. The complaint, which stated that it was "based upon the Federal Arbitration Act, 9 U.S.C. § 1, et seq.," named PDC as the sole defendant and asked for an order compelling PDC to engage in arbitration with Delta in accordance with the partnership agreement. Prior to the hearing on Delta's complaint, Vanguard initiated Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Virginia. At the subsequent hearing in the district court, PDC sought to have Delta's complaint dismissed and, in the alternative, argued that the filing of Vanguard's bankruptcy petition required that the district court proceeding be stayed pursuant to 11 U.S.C. § 362(a)(1) and 11 U.S.C. § 362(a)(3).

The district court on November 2, 1990 granted Delta's motion to compel arbitration, denied PDC's motion for a stay, and denied a motion to intervene on the part of Vanguard. The court indicated that if the arbitration between PDC and Delta began to interfere with Vanguard's bankruptcy proceedings, it would be a matter "between the arbitrator and the Bankruptcy Court." PDC filed a notice of appeal from the district court's order.

In January 1991, Vanguard obtained from the bankruptcy court a stay of the arbitration as to five of the issues that had been proposed for arbitration. On January 14, 1991, this court granted PDC's request for a complete stay of the arbitration pending the appeal of the district court's order.

■ As an initial matter, both parties have raised jurisdictional questions before us. PDC contends that Delta failed to satisfy the jurisdictional provisions of 9 U.S.C. § 4, which states that an aggrieved party "may petition any United States district court which, save for such [arbitration] agreement would have jurisdiction under Title 28...."

Delta's complaint, as developed subsequently, indicated that diversity of citizenship existed between Delta, a Maryland Corporation, and PDC, a Virginia corporation.[1] During the hearing before the district court, PDC conceded that the two parties were of diverse citizenship, but argued that the limited partnership itself, Vanguard, was an indispensable party to this action under Fed.R.Civ.P. 19(b). Involuntary joinder of Vanguard would destroy the district court's diversity jurisdiction, as the partnership is deemed a citizen of both Maryland and Virginia for diversity purposes. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

Even if the partnership entity may under some circumstances be a necessary or indispensable party to litigation involving the constituent partners, which we do not suggest, we are of opinion that Vanguard is not necessary or indispensable to the instant dispute. This action arises out of a strictly internal conflict between the partners, all of whom, after our decision today, will be before the district court. PDC has failed to establish that Vanguard itself has any interest distinct from the interests of

---

1. The complaint apparently claimed jurisdiction under the Arbitration Act, 9 U.S.C. § 1, et seq., which does not independently exist.

the several partners. Thus, we are satisfied that "complete relief [may] be accorded among those already parties," that Vanguard claims no interest different from the interest of the partners that may be impaired by the disposition of the case, and that Vanguard's absence will not "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a); see also *Curley v. Brignoli, Curley & Roberts Associates*, 915 F.2d 81, 91–92 (2d Cir.1990) (holding, in suit by limited partners against general partners, that limited partnership is not indispensable where all partners are parties to the action), cert. denied, — U.S. —, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991). Thus, the district court properly rejected PDC's jurisdictional argument related to the nonjoinder of Vanguard.

■ We also agree with the district court's finding that the jurisdictional amount required by 28 U.S.C. § 1332 was adequately shown. In considering a suit to compel arbitration, the question of jurisdictional amount may be determined by reference to the possible award resulting from the requested arbitration. *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir.1957); *Marcy Lee Mfg. Co. v. Cortley Fabrics Co.*, 354 F.2d 42, 43 (2d Cir.1965); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3569 (1984). In the present case, Delta's complaint indicated that it sought through the arbitration the dissolution of the partnership and liquidation of its assets worth many hundreds of thousands of dollars. It alleged that PDC had failed to dissolve the partnership and liquidate its assets in violation of the partnership agreement. We believe that the district court had before it a sufficient record to determine that the value of Delta's interest upon dissolution under the terms of the partnership agreement could exceed $50,000. We therefore find no error in the district court's determi-

nation of its diversity jurisdiction over Delta's petition to compel arbitration.

■ The jurisdictional question raised by Delta goes not to the jurisdiction of the district court, rather to the appellate jurisdiction of this court. Delta argues that under our decision in *Jeske v. Brooks*, 875 F.2d 71 (4th Cir.1989), an appeal from the district court's order compelling arbitration is barred by 9 U.S.C. § 16(b)(2).[2] *Jeske* emphasized that except in cases where the requirements of 28 U.S.C. § 1292(b) are met, no appeal lies from an interlocutory order compelling arbitration. 875 F.2d at 73.

*Jeske*, however, involved 9 U.S.C. § 16(b)(2) referring to interlocutory orders; 9 U.S.C. § 16(a)(3) explicitly provides that an appeal may be taken from "a final decision with respect to an arbitration...." In arguing that there has been no final decision, Delta points out that the order of the district court ended with a statement indicating that if the parties could not agree on an arbitrator, "each side should submit its nominees to the court and the court will make a decision as to who shall be the arbitrator." On December 10, 1990, the court did indeed name an arbitrator. Delta insists that by retaining jurisdiction in this manner, the district court rendered its November 2nd order interlocutory.

■ We note that a final order is one "leaving nothing to be done except the execution of the judgment." *Bernstein By Bernstein v. Menard*, 728 F.2d 252, 253 (4th Cir.1984) (citations omitted); see *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In the present case, the district court in its November 2nd order finally decided the sole question presented by Delta's complaint, namely, whether an order to compel PDC to arbitrate in accordance with the partnership agreement should be granted. Even if the order of November 2nd was itself, when entered, not a final, appealable or-

---

**2.** In 1990, a portion of 9 U.S.C. § 15 was renumbered and now appears as 9 U.S.C. § 16. Pub.L. 101–650, Title III, § 325(a)(1), Dec. 1, 1990, Stat. 5120.

The motion of Delta to dismiss the appeal is, of course, denied.

der,[3] a question we do not decide, we are satisfied that, in the absence of any prejudice to Delta, which has not been shown, the court's order of December 10th appointing an arbitrator effectively cured any potential prematurity of PDC's notice of appeal. See, e.g., *Dowling v. City of Philadelphia*, 855 F.2d 136, 138 (3d Cir.1988). We accordingly find that the district court's determination is properly before this court as a final decision with respect to an arbitration.

■ Having considered the jurisdictional issues raised by the parties, we now turn to the issue regarding the proper joinder of parties in the district court. On June 13, 1990, months before this case was filed, PDC filed with the Virginia State Corporation Commission a Fifth Amended Certificate which on its face amended Vanguard's limited partnership agreement. That certificate showed Delta to have been removed as a limited partner and that one Timothy B. Cranch had been installed as a new limited partner of Vanguard. PDC argues that Cranch was a necessary[4] party to the proceeding below, and that the district court's failure to join him pursuant to Fed. R.Civ.P. 19(a) was error.

We note first that in its filings with the district court Delta disputed the validity of Cranch's being made a partner and of its own removal under the partnership agreement and under the Virginia Revised Uniform Limited Partnership Act, Va.Code Ann. §§ 50–73.1 to 50–73.77. Delta further argued that Cranch was a relative of Paul Comanduras or an employee of PDC and as such had no interest in Vanguard independent of PDC's already-represented interest. The district court, however, made no findings with respect to the validity of Cranch's partnership interest or Delta's removal, the

extent of Cranch's interest, or to whether Cranch was in fact a necessary party to this action.

We are of opinion that Cranch, if it is determined that as a limited partner he has a bona fide interest in the partnership, was indeed a necessary party to Delta's action to compel arbitration, and that the district court erred in failing to consider the issue. It would be no more proper to arbitrate in Cranch's absence with respect to his partnership interest, than it would be to litigate with respect to it. Though questions of joinder under Fed.R.Civ.P. 19 ultimately are controlled by federal law, a federal court must look to the state-law relationships between the parties when determining which parties are, as a practical matter, necessary for a just adjudication of the case. See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968); 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1603 (1986). The partnership agreement plainly provides that, upon termination of the partnership, limited partners as well as general are entitled to a share in the distribution of partnership assets. This provision, if Cranch's interest be valid, clearly would give him an interest in the outcome of the instant suit sufficient to require joinder under Fed.R.Civ.P. 19(a).

■ The cases are virtually unanimous in holding that in suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties. See, e.g., *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 81–82 (1st Cir.1982); 59 Am.Jur.2d *Parties* § 97, at 527 (1987). The same principle applies to suits arising out of disputes be-

---

**3.** See *University Life Ins. Co. of America v. Unimarc Ltd.*, 699 F.2d 846 (7th Cir.1983).

**4.** In its brief in this court, PDC argues that Cranch is an indispensable party in the sense that his joinder, though necessary to a just adjudication of the dispute, would destroy the complete diversity of the parties. However, the record suggests only that Cranch is a citizen of Virginia. The present alignment of the parties, with Delta as plaintiff seeking arbitration, and

PDC as defendant resisting arbitration, leads us to believe that Cranch, if joined, would be aligned as a defendant with PDC. Inasmuch as Delta is a citizen of Maryland and PDC of Virginia, Cranch's joinder as a defendant would not defeat diversity. Accordingly, we view the issue of Cranch's joinder one of necessary parties under Fed.R.Civ.P. 19(a), rather than one of indispensable parties under Rule 19(b).

tween multiple claimants to a common fund; all such claimants must be joined if feasible. See *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737–39, 97 S.Ct. 2061, 2070–71, 52 L.Ed.2d 707 (1977). A partnership agreement, at bottom, is nothing more than a special form of contract between the partners, and here one partner, Delta, seeks to compel liquidation of the common, finite properties which are the partnership assets. Thus, Cranch's joinder is necessary both to protect his interest and to ensure that the district court's resolution of the merits of this case is binding and final as to all interested parties.

■ Moreover, that the Fifth Amended Certificate purports to remove Delta and install Cranch in its place only bolsters our opinion that Cranch's presence in the instant suit is crucial to the district court's ability to fashion complete relief. Indeed, the present uncertainty as to Cranch's status, if allowed to continue by his nonjoinder, would undermine even an arbitrator's ability to resolve the instant conflict. Despite the as yet undecided issue of its validity under state law, the Fifth Amended Certificate was filed with the State Corporation Commission and must, at the present time, be accorded prima facie validity. This certificate was filed with the district court as an attachment to PDC's memorandum in opposition to Delta's motion for an order compelling arbitration; thus the issue clearly was before the court.[5] When confronted with that certificate, the district court simply should have paused to consider whether the correct parties were in court; its failure to do so was error.

■ Our decision as to the possible necessity of Cranch's joinder accords with the general principle of partnership law that, in a suit between certain partners over partnership assets or obligations in which the effect, as here, will be a dissolution and liquidation of the partnership, all partners are necessary parties and must be joined if feasible. See, e.g., 68 C.J.S. *Partnership* § 415(a). Though the predominantly state-law character of partnership disputes, combined with the difficulty in maintaining diversity jurisdiction, see *Carden, supra*, has resulted in a dearth of federal case law on the subject, the necessity of joining all partners to such a suit is well established. See *Stainton v. Tarantino*, 637 F.Supp. 1051, 1072 (E.D.Pa.1986); *Gottlieb v. Vaicek*, 69 F.R.D. 672 (N.D.Ill.1975), affirmed without opinion, 544 F.2d 523 (7th Cir. 1976). The treatise writers likewise are in agreement on the point. See, e.g., 59A Am.Jur.2d *Partnership* § 872 (1987); W. Inman, *Gibson's Suits in Chancery* § 413 (7th ed. 1982); L. Miller, *Hogg's Equity Procedure* § 81 (3d ed. 1943); R. Barton, *Pleading and Practice in the Courts of Chancery* 91 (3d ed. 1926).

■ The record as it now stands is insufficient to determine either Cranch's status as a limited partner or the extent of his interest in the instant suit.[6] We do not require dismissal, however, but remand the case so that the district court may develop the record and determine in the first instance whether Cranch indeed must be joined. See F.R.Civ.P. 19(a). Accordingly, without reaching any determination of the merits, we vacate the district court's order compelling arbitration.[7] We dissolve the stay of arbitration previously entered by us in this case, as our vacation of the arbitration order renders the stay moot.

---

5. Though PDC filed no separate motion to dismiss on grounds of nonjoinder under Fed. R.Civ.P. 19, nor did Cranch appear and attempt to intervene, PDC clearly argued that Cranch was a necessary party in its memorandum opposing Delta's petition seeking an order compelling arbitration and at oral argument before the district court. Even in this court Delta does not argue that PDC waived its objection regarding Cranch's nonjoinder, and we as well are satisfied that the question was sufficiently presented to the district court.

6. As we have noted, Delta asserted before the district court that Cranch was merely an employee of PDC and that he had no real financial interest in Vanguard. The partnership agreement tends to confirm that Cranch at least at one time was a principal of PDC. We leave to the district court the task of determining the nature and extent of Cranch's interest.

7. Nothing we have said should indicate any suggestion on our part that the matter of the dissolution of the partnership is not a proper subject for arbitration.

The judgment of the district court must be vacated and the case remanded for action not inconsistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.