4 F.3d 313
 62 USLW 2198, Fed. Sec. L. Rep. P 97,732
 William T. HUMPHREY, Dr., Plaintiff-Appellee,
v.
PRUDENTIAL SECURITIES INCORPORATED; Prudential-Bache
Properties, Incorporated; Richard W. Johnson,
Defendants-Appellants,
and
Prudential Insurance Company of America, Defendant.
 No. 93-1147.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 10, 1993.
Decided Sept. 3, 1993.
 
 Daniel Allen Gecker, Maloney, Yeatts & Barr, P.C., Richmond, VA, argued (John S. Barr, Steven S. Biss, Maloney, Yeatts & Barr, P.C., Richmond, VA, Patricia Roy, Asst. Gen. Counsel, Prudential Securities Inc., New York City, on the brief), for defendants-appellants.
 John Stevens Norris, Jr., Anderson, Norris & Geroe, P.C., Virginia Beach, VA, argued (Charles W. Austin, Jr., Anderson, Norris & Geroe, P.C., on the brief), for plaintiff-appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 ERVIN, Chief Judge:
 
 
 1
 William T. Humphrey filed a complaint against Prudential Securities Incorporated, Prudential-Bache Properties, Inc., and Richard W. Johnson, a Prudential agent, (collectively, the "Prudential Defendants"), alleging various violations of federal and state laws. Subsequently, Humphrey moved to compel arbitration and to stay his own federal action. The district court granted the motions, and the Prudential Defendants now appeal. 1993 WL 275213. Finding that we have no subject-matter jurisdiction to consider the merits of this appeal, we dismiss.[1]
 
 
 2
 * In 1984 Humphrey acquired a limited partnership interest in Lone Star Mall Associates, and in 1985 he acquired an interest in Clarion Hotel Associates, both through the Prudential Defendants. On October 4, 1990, Humphrey signed a Client's Agreement with the Prudential Defendants which provided that
 
 
 3
 all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.
 
 
 4
 See Prudential-Bache Securities Client's Agreement p 14 (Oct. 4, 1990). The Client's Agreement also required all such controversies to "be settled by arbitration in accordance with the Rules then obtaining of either the NASD,[2] AMEX[3] or the Board of Governors of the New York Stock Exchange...." Id. p 15. On October 12, 1990, Humphrey executed another Client's Agreement with the Prudential Defendants that contained identical language. See Prudential-Bache Securities Client's Agreement p 14 (Oct. 12, 1990). The Client's Agreements are the subject of this litigation.
 
 
 5
 On February 28, 1992, Humphrey filed a demand for arbitration with the American Arbitration Association against the Prudential Defendants. Humphrey attached to his demand a complaint alleging fifteen separate counts against the Prudential Defendants based on federal and state law. On March 3, 1992, Humphrey filed a complaint in district court against the Prudential Defendants, asserting the same fifteen claims. Humphrey's complaint alleged various violations of the federal securities laws, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Virginia Securities Act, and the New York Securities Act; breaches of the rules of the New York Stock Exchange and the National Association of Securities Dealers ("NASD"); and transgressions of the common law of Virginia, including fraud, negligence, unjust enrichment, breach of fiduciary duty, and breach of contract. Humphrey amended[4] the complaint and served it on the Prudential Defendants on July 2, 1992.
 
 
 6
 On July 21, 1992, the Prudential Defendants filed a motion under Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement, and a separate motion to dismiss Humphrey's amended complaint under Rules 9(b) and 12(b)(6) for failure to plead fraud with particularity, and for failure to state claims upon which relief could be granted. Humphrey then moved the district court to compel arbitration and to stay his civil action.
 
 
 7
 The district court heard oral argument on both sides' motions on September 15, 1992. At oral argument, the Prudential Defendants contended that Humphrey's claims could not be submitted to arbitration, citing the Client's Agreements and section 15 of the NASD rules.[5] The Prudential Defendants claimed that section 15 must govern the arbitrability of Humphrey's disputes based on the Client's Agreements' requirement that the parties arbitrate their disputes in accordance with the "Rules then obtaining of ... the NASD...." The Prudential Defendants further argued that section 15 barred Humphrey's claims because they each derived from securities transactions that took place more than six years ago. Casting section 15 as an eligibility requirement that must be met before a claim can be deemed arbitrable, the Prudential Defendants contended that the untimeliness of Humphrey's claims, in violation of section 15, prevented their referral to arbitration.
 
 
 8
 The district court rejected the Prudential Defendants' argument, viewing section 15 as a procedural time-bar, rather than as an eligibility requirement. Therefore, the court deferred construction and application of section 15 to the arbitrator. Humphrey v. Prudential Ins. Co., No. CA-92-178-2, slip op. at 10, 1993 WL 275213 (E.D.Va. Jan. 6, 1993) (citing County of Durham v. Richards & Assocs., Inc., 742 F.2d 811, 815 (4th Cir.1984)). The court then concluded that all of the claims were substantively arbitrable, and granted Humphrey's motion to compel arbitration. The district court directed the entire case to arbitration, and stayed further proceedings pending the outcome of the arbitration. The Prudential Defendants appeal from the order to compel and the stay.
 
 II
 
 9
 * We address but one issue: whether we have subject-matter jurisdiction to review on appeal the district court's order compelling arbitration and granting a stay of proceedings pending arbitration. The Federal Arbitration Act outlines when an appeal may be taken from a district court ruling involving arbitration:
 
 
 10
 (a) An appeal may be taken from--
 
 
 11
 (1) an order--
 
 
 12
 (A) refusing a stay of any action under section 3 of this title,
 
 
 13
 (B) denying a petition under section 4 of this title to order arbitration to proceed,
 
 
 14
 (C) denying an application under section 206 of this title to compel arbitration,
 
 
 15
 (D) confirming or denying confirmation of an award or partial award, or
 
 
 16
 (E) modifying, correcting, or vacating an award;
 
 
 17
 (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
 
 
 18
 (3) a final decision with respect to an arbitration that is subject to this title.
 
 
 19
 (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--
 
 
 20
 (1) granting a stay of any action under section 3 of this title;
 
 
 21
 (2) directing arbitration to proceed under section 4 of this title;
 
 
 22
 (3) compelling arbitration under section 206 of this title; or(4) refusing to enjoin an arbitration that is subject to this title.
 
 9 U.S.C. Sec. 16.[6]
 
 23
 The practice commentary that follows section 16 explains the effect of this dichotomy between awards in favor of arbitration and those ruling against arbitration:
 
 
 24
 The question of whether a dispute is arbitrable can arise as an incident to a pending action or as an entirely independent proceeding. In the first situation, sometimes referred to as an "embedded" proceeding to denote that the arbitrability issue has been raised in some broader context--usually an ordinary plenary action on the underlying substantive dispute brought in disregard of the arbitration commitment--the proponents of arbitration have had their way in Sec. 16. The statute appears to cover all of the various possible "embedded" situations and allows an immediate appeal only from decisions against arbitration. It bars an immediate appeal when the decision is in favor of arbitration, thus letting the arbitration go forward unobstructed. Of course, the party aggrieved by the decision to let the arbitration go forward is not altogether barred from appellate review of the issue. He must merely await the outcome of the arbitration on the merits, and, if the award goes against him, raise the arbitrability point on an application to vacate or modify the award or in opposition to the other side's application to confirm the award.
 
 
 25
 Id. practice commentary.
 
 B
 
 26
 We have previously explored the appealability dichotomy, both in the context of an embedded proceeding and in a case presenting, as its sole issue, arbitrability. In Jeske v. Brooks, 875 F.2d 71 (4th Cir.1989), we reviewed the appealability of a district court's order to compel arbitration and stay proceedings currently before it in an embedded action. The case arose out of a dispute between an investor and his former stockbroker and brokerage firm ("the defendants"). The investor filed suit against the defendants, alleging various violations of the federal securities laws, together with state-law claims based on theories of fraud, breach of contract, negligence, breach of fiduciary duty, and violations of the North Carolina Securities Act. Id. at 72. After the defendants filed a motion to compel arbitration as agreed to by the parties, the district court determined that the state-law claims were subject to arbitration, but that the federal issues were nonarbitrable. Therefore, the court compelled the state claims to arbitration, refused to compel the federal claims, and stayed any further proceedings based on those claims until completion of the arbitration of the state claims. Id. at 73-74. The investor appealed the order to compel arbitration of the state claims, and the defendants cross-appealed the order refusing to compel the federal claims. Id. at 73 & n. 4.
 
 
 27
 On appeal, we held that the Federal Arbitration Act
 
 
 28
 makes clear that we have jurisdiction to consider an appeal from an order refusing a stay pending arbitration or an order denying a motion to compel arbitration. However, we have no jurisdiction, absent certain exceptions not applicable here,[7] to review an interlocutory order compelling arbitration or granting a stay pending arbitration.
 
 
 29
 Id. at 73 (citations omitted). Upon so holding, we addressed the merits of the defendants' appeal, challenging the district court's refusal to compel arbitration of the federal claims, but dismissed the investor's appeal, challenging the order to compel arbitration of the state claims. Id. at 73-74.
 
 
 30
 The Jeske defendants' appeal fell squarely within 9 U.S.C. Sec. 16(a)(1)(C), authorizing immediate appeal from the denial of an application to compel arbitration. The investor's appeal, on the other hand, involved a determination favoring arbitration in an embedded action. Section 16 of the Federal Arbitration Act contemplates the immediate review of a decision favoring arbitration under only two circumstances: when the district court's order represents "a final decision with respect to an arbitration," 9 U.S.C. Sec. 16(a)(3); and when 28 U.S.C. Sec. 1292(b) provides the means for an interlocutory appeal, id. Sec. 16(b). Neither of those circumstances was present under the Jeske facts, which involved an arbitration decision incident to the substance of the main action.
 
 
 31
 In Stedor Enterprises, Ltd. v. Armtex, Inc., 947 F.2d 727 (4th Cir.1991), we addressed the situation in which a motion to compel arbitration represents the only issue before the district court. In Stedor, two experienced companies in the textile industry entered into a series of contracts by which one company agreed to purchase quantities of fabric from the other. Id. at 728. Each contract consisted of a telephone purchase order followed by a written sales confirmation that contained a detailed arbitration clause. Id. The clause bound the parties to arbitrate "[a]ny controversy or claim arising under or in relation to this order or contract, or any modification thereof." Id. at 729. The fabric buyer never signed or returned the confirmation and never discussed the arbitration clause with the fabric supplier. A dispute arose over a fabric shipment, and the fabric supplier noticed an intention to arbitrate and a demand for arbitration. The fabric buyer responded by seeking temporary and permanent injunctions against arbitration. Id. The fabric supplier answered by opposing issuance of the injunctions and seeking an order compelling arbitration, but raised no substantive claims under the contracts in dispute. The district court dismissed the fabric buyer's complaint for injunctive relief and ordered the parties to proceed with arbitration. The fabric buyer appealed. Id.
 
 
 32
 In reviewing the district court's order, we first noted that
 
 
 33
 [i]f the order was issued in an independent action in which the only issue before the court was the dispute's arbitrability, the order was considered final because it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."
 
 
 34
 Id. (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Because the parties raised nothing before the district court other than the issue of arbitrability, we then held that section 16(a)(3) of the Federal Arbitration Act allowed the appeal. Id. at 730-32.
 
 
 35
 Section 16(a)(3) permits the appeal of "a final decision with respect to an arbitration." 9 U.S.C. Sec. 16(a)(3). A decision generally is final and appealable if it leaves nothing further over which the district court is to preside other than the execution of the judgment. Stedor, 947 F.2d at 731. An order compelling arbitration is final when it results from a proceeding in which the sole issue before the district court is the arbitrability of the dispute. We concluded in Stedor, therefore, that we may take jurisdiction to review a district court decision favoring arbitration so long as that decision is isolated and final. Id. at 731-32; see also Delta Fin. Corp. v. Paul D. Comanduras & Assocs., 973 F.2d 301, 304-05 (4th Cir.1992) (holding an order to compel arbitration, when the only matter before the district court, is appealable).
 
 C
 
 36
 At first blush, the Prudential Defendants' appeal resembles Stedor; the practical effect of the district court's actions was to render a final resolution as to all issues before it. By compelling to arbitration all fifteen substantive claims that Humphrey alleged in his complaint, the district court retained jurisdiction through its stay only to enforce or vacate a forthcoming arbitration award. For the following reasons, however, we hold that Stedor is inapposite.
 
 
 37
 Turning first to our own precedents, we distinguish Stedor on the basis that it presented to the district court only the issue whether arbitration should be compelled or not. The absence of entanglement with other issues of fact and law permitted our immediate review of a decision favoring arbitration. Clearly, Humphrey's complaint presented more than the limited issue of arbitrability; in fact, Humphrey did not raise arbitration as an option until after filing his amended complaint. Ruling out the applicability of Stedor, we look to Jeske. It, too, falls short of controlling this case. In Jeske, the district court compelled some claims for arbitration, while retaining others. The retention of substantive claims demonstrated the embedded nature of the arbitration issue and prevented our review of the decision favoring arbitration. In this case, all of Humphrey's claims were compelled to arbitration, leading us to inquire whether an embedded action may give rise to a final decision subject to section 16(a)(3) review when all the claims in which the arbitration issue is embedded are disposed of. To answer this question of first impression in this circuit, we look to our sister circuits' treatment of the issue.
 
 
 38
 The United States Court of Appeals for the Seventh Circuit, in Perera v. Siegel Trading Co., 951 F.2d 780 (7th Cir.1992), faced the very issue we now have before us: whether "there may be some situations where an arbitration order entered in an embedded proceeding would constitute a final appealable decision." Id. at 785. In Perera, the plaintiff brought claims for relief under the Commodity Exchange Act, RICO, and various common-law theories. Id. at 781. The defendants filed a motion to enforce the arbitration clause in a contract governing the parties' disputes and to compel arbitration. Id. The district court granted the defendants' motion to compel arbitration and ordered the plaintiff to resolve all of her claims before the arbitrator. Id. at 785. The plaintiff asserted that the court's action represented "a final decision with respect to an arbitration," 9 U.S.C. Sec. 16(a)(3), and appealed. Perera, 951 F.2d at 785.
 
 
 39
 On the basis of well-conceived analysis, the Perera court decided to apply section 16 of the Federal Arbitration Act mechanically and to dismiss the plaintiff's appeal. The court first reviewed the legislative history developed in conjunction with the enactment of section 16. Id. at 783-84. Based on the legislative history's failure to illuminate Congress's intended meaning for "final decision" in section 16(a)(3), the court concluded that "the preexisting judicial interpretation of 'final decision' " should control. Id. at 784. The court then reviewed several cases delineating the parameters of a "final decision," including our holding in Stedor. Id. (citing Stedor Enters., 947 F.2d at 728; Chung v. President Enters. Corp., 943 F.2d 225, 228-29 (2d Cir.1991); Delta Computer Corp. v. Samsung Semiconductor & Telecommunications Co., 879 F.2d 662, 665 (9th Cir.1989); Thomson McKinnon Secs., Inc. v. Salter, 873 F.2d 1397, 1399 (11th Cir.1989)). From these decisions, the Perera court culled a definition of "final decision" in the context of section 16(a)(3): "arbitration orders [are] final if arbitration is the sole issue before the court and interlocutory if raised in an embedded proceeding." Id. at 785.
 
 
 40
 Applying this definition to the facts at hand, the Perera court held:
 
 
 41
 In an embedded proceeding an arbitration order in no way resolves the merits of the claims sent to arbitration.... [T]he arbitration order in this case is like "hundreds of case-management orders in a large piece of litigation, any of which may affect the outcome, and almost none of which is appealable." As such, [the district court's] arbitration order is not a final decision under section 16(a)(3)[;] instead, the arbitration order is an unappealable interlocutory decision under section 16(b)(2).
 
 
 42
 Id. at 786 (quoting In re Chicago, M., St. P. & P. R.R. Co., 784 F.2d 831, 833 (7th Cir.1986)) (citations omitted). We find the Perera analysis to be well-reasoned and well-substantiated; therefore, we too hold that an embedded proceeding may not give rise to a final decision subject to section 16(a)(3) review, even when all the claims in which the arbitration issue is embedded are resolved.
 
 
 43
 That alone would be enough to direct an outcome in this case, but we are guided further by the Federal Arbitration Act itself. The Act does not render unreviewable an issue such as that raised by the Prudential Defendants in this appeal. The Federal Arbitration Act provides a mechanism by which the district court's order in this case might be reviewed at a later date. 9 U.S.C. Sec. 10 permits a party to seek vacation of an arbitration award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definitive award upon the subject matter submitted was not made." 9 U.S.C. Sec. 10(a)(4). If the Prudential Defendants indeed believe that arbitrators exceeded the scope of arbitration agreed to by the parties by reviewing Humphrey's claims, they may raise this before the district court in a motion to vacate an adverse arbitral award. See, e.g., Edward D. Jones & Co. v. Sorrells, 957 F.2d 509, 514 (7th Cir.1992) (affirming district court's order vacating in part NASD arbitral award on ground that, under section 15 of the NASD rules, the arbitrators exceeded their powers by addressing stale claims). We then may review as a final judgment any district court action pursuant to 9 U.S.C. Sec. 10. See 9 U.S.C. Sec. 16(a)(1)(E).
 
 III
 
 44
 Based on the foregoing analysis, we conclude that, absent a "final decision" incapable of appropriate review at any other juncture, we are precluded from reviewing a district court's decision favoring arbitration. Applying this rule to the instant case, we hold that we lack subject-matter jurisdiction to hear the Prudential Defendants' appeal. The district court's order compelling arbitration and staying further proceedings before it derived from an embedded action and, therefore, cannot represent a "final decision" regarding arbitration. See 9 U.S.C. Sec. 16(a)(3). Accordingly, we dismiss the appeal.
 
 
 45
 DISMISSED.
 
 
 
 [1]
 By order dated March 25, 1993, we denied a motion by Humphrey to dismiss this appeal. Humphrey v. Prudential Secs., Inc., No. 93-1147, slip order at 2 (4th Cir. Mar. 25, 1993). While the Prudential Defendants assert that this denial precludes a subsequent decision to dismiss the case, we feel that their contention misapprehends the scope of the res judicata doctrine. Our denial of Humphrey's motion merely represented a decision to forego resolution of the case on the merits at that stage of the appeal. We chose, instead, to allow full briefing and oral argument. The denial in no way established a final judgment from which the preclusive effects of res judicata should emanate. See, e.g., Mellon Bank, N.A. v. Ternisky, 999 F.2d 791, 795 (4th Cir.1993) ("Finality of the judgment upon which a contention of res judicata rests is, of course, essential to its application."); Jack H. Friedenthal et al., Civil Procedure Sec. 14.4, at 619 (1985) ("A valid and final judgment on the merits of a cause of action is treated as conclusive as to the parties' rights...."). Therefore, we now address the issue of subject-matter jurisdiction with a clean slate
 
 
 [2]
 "NASD" represents the National Association of Securities Dealers
 
 
 [3]
 "AMEX" represents the American Stock Exchange
 
 
 [4]
 The record does not reflect the nature of this amendment
 
 
 [5]
 Section 15 of the NASD rules provides that
 [n]o dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.
 
 
 [6]
 In 1988, as part of the Judicial Improvements and Access to Justice Act, Congress enacted these standards by which appeals may be taken in arbitration-related cases. See Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, Sec. 1019(a), 102 Stat. 4642, 4670-71 (1988) (codified as amended at 9 U.S.C. Sec. 16). Originally added as section 15 of the Federal Arbitration Act, the amendment was later renumbered as section 16, when it was discovered that the Federal Arbitration Act had two sections numbered 15. See Judicial Improvements Act of 1990, Pub.L. No. 101-650, Sec. 325(a), 104 Stat. 5089, 5120-21
 
 
 [7]
 The exceptions involve those interlocutory appeals certified for review by a district court. 28 U.S.C. Sec. 1292(b)