**CHEMPOWER, INC., Petitioner,**

v.

**ROBERT McALPINE, LTD., et al., Respondents.**

**Civ. A. No. 2:94–0149.**

United States District Court, S.D. West Virginia, Charleston Division.

April 26, 1994.

---

John M. Slack, III and Anthony J. Majestro, Jackson & Kelly, Charleston, WV, for petitioner.

George G. Guthrie, King, Allen & Arnold, Charleston, WV, Joel Lewin, Hinckley, Allen & Snyder, Boston, MA, for respondents.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Respondents' motion to modify this Court's Order entered March 18, 1994.[1] That Order stayed all related proceedings in the Massachusetts state court in favor of arbitration of the dispute between the parties.

Apparently, the litigation in Massachusetts state court not only involves claims by the Respondents against the Petitioner, but claims by the Respondents against two other parties as well. Those other parties are a part of the arbitration proceedings before this Court. Although it is undisputed that the direct proceedings between the Petitioner and the Respondent are stayed by the March 18, 1994 Order, the question now presented is whether the March 18, 1994 Order also binds parties to the Massachusetts action who were not involved in the arbitration proceedings.

### I.

In their motion to modify, the Respondents ask the Court to stay only that portion of the Massachusetts action involving the Respondent and the Petitioner. Petitioner, however, notes the Massachusetts state court action includes claims against the Petitioner's surety and the Massachusetts Highway Department (MHD). Petitioner asserts the outcome sought by Respondents against either the surety or MHD is necessarily predicated on the outcome of the arbitration proceedings. Thus, Petitioner argues, the entire Massachusetts action should be stayed pending the outcome of the arbitration proceedings.

Our Court of Appeals has held, "[where] questions of fact common to all actions pending ... are likely to be settled during the ... arbitration, ... all litigation should be stayed pending the outcome of the arbitration proceedings." *American Home Assurance Co. v. Vecco Concrete Construction Co., Inc.*, 629 F.2d 961, 964 (4th Cir. 1980). This was so because, "[although] it is

---

1. This Court initially entered an Order granting respondent's motion, but later vacated that Order because the Petitioner was not given adequate time to respond.

true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action." 629 F.2d at 964. Moreover, even where a non-arbitrable count in a complaint is joined with arbitrable claims, the non-arbitrable claims may be stayed pending the outcome of the arbitration. *Money Point Diamond Corp. v. Bomar Resources, Inc.*, 654 F.Supp. 634, 636–37 (E.D.Va.1987). *See also Institute of Mission Helpers of Baltimore City v. Reliance Insurance Co.*, 812 F.Supp. 72, 76 (D.Md.1992) (where the Court stated, "[t]ime and again the Supreme Court and the Fourth Circuit have emphasized a federal policy that favors expeditious resolution of disputes through arbitration. *See, e.g., Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989); *Gilmer v. Interstate/Johnson Lane Corp.*, 895 F.2d 195, 196 (4th Cir.1990), *aff'd*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). On the authority of these cases, [a stay should be granted where there is a] finding that a stay would conserve judicial resources and avoid anomalous results."); *Hikers Industries, Inc. v. William Stuart Industries (Far East) Ltd.*, 640 F.Supp. 175, 178 (S.D.N.Y.1986) ("Many federal courts have granted stays as to entire actions in which arbitrations involving less than all defendants were likely to dispose issues common to claims against both arbitrating and non-arbitrating defendants." *Citing American Home Assurance Co., supra,* 629 F.2d at 964; *Rhone Mediterranee Compagnia Francese Di Assicurazioni E Riassicurazioni v. Lauro*, 555 F.Supp. 481, 486 (D.V.I.1982), *aff'd*, 712 F.2d 50 (3d. Cir.1983); *Al–Haddad Bros. Enterprises, Inc. v. M.S. Agapi*, 551 F.Supp. 956, 960 (D.Del.1982); *Dale Metals Corp. v. Kiwa Chemical Industry Co., Ltd.*, 442 F.Supp. 78, 81–82 (S.D.N.Y.1977); *Societe Nationale Pour La Recherche, Etc. v. General Tire & Rubber Co.*, 430 F.Supp. 1332, 1334 (S.D.N.Y.1977)).

Respondents assert the foregoing cases are distinguishable from the instant case because the parties not subject to arbitration there were nevertheless party to the proceedings before the district court. Here the parties not subject to arbitration are involved only in the Massachusetts state court action, and were not before this Court.

■ Respondents attempt to distinguish the foregoing cases is misplaced. The principal reason for staying such proceedings remains the same whether the parties not subject to arbitration are in either federal or state court. Where common questions of fact relating to all actions pending may be decided in arbitration including only some of the parties, "considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action." *American Home Assurance Co., supra,* 629 F.2d at 964. This fact remains even where the action to be stayed is not pending in the district court, but in state court.

Based upon the foregoing, this Court concludes the Massachusetts state court action should be stayed in its entirety pending the outcome of the arbitration proceedings between the Petitioner and the Respondents. Respondents' motion to modify is **DENIED**. Petitioner's motion to clarify is **GRANTED**.

## II.

■ Also pending is the Respondents' motion for stay of the March 18, 1994 Order pending appeal. An Order compelling arbitration is appealable if it is "a final decision with respect to an arbitration." Title 9 U.S.C. § 16(a)(3). As stated by the Court of Appeals in *Humphrey v. Prudential Securities Inc.*, 4 F.3d 313, 317 (4th Cir.1993):

"[a] decision is final and appealable if it leaves nothing further over which the district court is to preside other than the execution of the judgment. *Stedor [Enterprises, Ltd. v. Armtex, Inc.]*, 947 F.2d [727,] 731 [ (4th Cir.1991) ]. An order compelling arbitration is final when it results from a proceeding in which the sole issue before the district court is the arbitrability of the dispute. [The Court of Appeals] may take jurisdiction to review a district court decision favoring arbitration so long as the decision is isolated and final. *Id.* at

731–32; *see also Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 304–05 (4th Cir.1992) (holding an order to compel arbitration, when the only matter before the district court, is appealable)."

Because the sole issue before this Court was the arbitrability of the dispute between the parties, the issuance of the Order compelling arbitration is now final and appealable. *Humphrey, supra.* The Court now addresses whether to stay the Order compelling arbitration while the appeal is pending.

Petitioner contends a stay should not be granted because Respondent has not made an adequate showing in support of its request. Issuance of a stay pending appeal of an Order compelling arbitration is a matter to be considered within its sound discretion. *Fed.R.Civ.P.* 62(c).[2] The exercise of discretion whether to issue a stay pending appeal must be made with consideration of the factors enunciated in *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). Those factors are:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*See Family Foundation, Inc. v. Brown*, 9 F.3d 1075, 1076–77 (4th Cir.1993); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir.1970); *GTE Products Corp. v. Kennametal, Inc.*, 772 F.Supp. 907, 920–21 (W.D.Va.1991), *appeal dismissed*, 988 F.2d 131 (Fed.Cir.1993); *Starr Electric Co. v. Basic Construction Co.*, 586 F.Supp. 964, 970–73 (M.D.N.C.1982); *see generally* 11 Charles A. Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 2904 (1973 & Supp.1994).

Respondent's motion for stay pending appeal was not accompanied by supporting memoranda as required by Local Rule of Practice and Procedure 2.03. Nor has Respondent addressed the four factors from *Hilton, supra.*[3] Petitioner, however, has addressed the four factors from *Hilton, supra*, and argues those factors militate against a stay. The Court concurs that the limited evidence adduced supports a denial of Respondents' motion.[4] The Respondent's motion for stay pending appeal is **DENIED.**

### III.

Based upon the foregoing, the Respondents' motion to modify is **DENIED**; Petitioner's motion to clarify, modify, alter, amend and/or correct is **GRANTED**; and Respondents' motion for stay pending appeal is **DENIED.**

The Clerk is directed to send a copy of this Order to counsel of record.

---

2. Rule 62(c) of the *Federal Rules of Civil Procedure* states, in part:
   "(c) *Injunction Pending Appeal.* When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security rights of the adverse party."

3. In their reply to Petitioner's response to their motion to stay pending appeal, the Respondents

contend only that because this Court's April 5, 1994 Order struck their appeal, the Petitioners' response to their motion to stay pending appeal is premature and moot. Because this Order constitutes a final order, Respondents' notice of appeal is hereby **REINSTATED.**

4. The Court notes that it previously denied Respondents' oral motion for a stay pending appeal at the hearing on the motion to compel arbitration.