UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PARK CENTER III LIMITED
PARTNERSHIP,
                    *Plaintiff-Appellant,*

ERKILETIAN CONSTRUCTION
CORPORATION,
                    *Defendant-Appellant,*

v.

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,                           No. 01-1605
                    *Plaintiff-Appellee,*

and

NATIONAL SURETY SPECIALISTS,
INCORPORATED; JOHN J. HILDRETH;
ROBERT HILDRETH; FLOYD REYNOLDS;
ROBERT CONDON,
                    *Counter-Defendants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-285-A)

Argued: January 23, 2002

Decided: February 3, 2004

Before WIDENER, WILLIAMS, and MOTZ Circuit Judges.

---

Reversed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Gaspare Joseph Bono, LONG, ALDRIDGE & NOR-MAN, L.L.P., Washington, D.C., for Appellants. John Edwin Hilser, HARRY R. BLACKBURN & ASSOCIATES, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Dennis A. Davison, Brian E. Finch, LONG, ALDRIDGE & NORMAN, L.L.P., Washington, D.C., for Appellants. Harry R. Blackburn, HARRY R. BLACKBURN & ASSOCIATES, Philadelphia, Pennsylvania, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Erkiletian Construction Corporation (ECC) appeals from the district court's ruling on cross-motions for clarification and ECC's subsequent motion for reconsideration. The Insurance Company of Pennsylvania (ICOP) argues that we lack jurisdiction to hear ECC's appeal because of the presence of an ongoing arbitration between the parties. We find that we have jurisdiction to hear ECC's appeal, and we reverse the ruling of the district court.

I.

Park Center III Limited Partnership (PCIII) hired ECC as a general contractor to construct four condominium buildings in Alexandria, Virginia (the PCIII project). ECC entered into several subcontracts with Hildreth Consulting Engineers (HCE) for work at the PCIII project. ICOP, through its general agent National Surety Specialists, Inc., issued payment and performance bonds for these subcontracts. ECC was listed on the bonds as obligee and HCE as principal. These bonds each contained an arbitration clause incorporated from the subcon-

tracts. HCE eventually abandoned the PCIII project, and PCIII replaced ECC with another general contractor.

ECC demanded payment from ICOP under the performance bonds, claiming that HCE had breached the subcontracts. ICOP refused to pay and filed suit seeking a declaration that the performance bonds were invalid. ECC filed an answer and a four-count counterclaim alleging that: (I) ICOP failed to perform under the surety bonds; (II) ICOP's refusal to perform under the surety bonds was in bad faith; (III) ICOP converted ECC's property; and (IV) ICOP violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1962(c)(West 2000). ICOP filed a motion to dismiss the counterclaims. The district court dismissed count II of ECC's counter-complaint, stating that "Virginia law precludes using allegations of bad faith to transform a breach of contract claim into a tort claim." (J.A. at 91.) The district court allowed ECC to proceed with the remainder of its counterclaims.

ECC then filed a demand for arbitration against HCE and ICOP before the American Arbitration Association. A panel of arbitrators determined that it had jurisdiction to resolve any disputes that arose "in connection with ECC's . . . claim that ICOP is liable as surety under the bonds for the alleged breach of the subcontracts by HCE." (J.A. at 81.) ECC then amended its counterclaim and joined PCIII as a counter-plaintiff. At that point, the district court stayed Count I of the amended counterclaim, which alleged that ICOP had failed to perform under the surety bonds, pending resolution of the arbitration. The district court then dismissed count IV of ECC's counterclaim and held a bench trial on ICOP's claims. At the conclusion of the bench trial, the district court ruled against ICOP on all of its claims. ECC then agreed to withdraw the remainder of its counterclaims (Counts I and III) and to resolve its claims against ICOP in the ongoing arbitration. Accordingly, the district court dismissed both the previously stayed Count I and Count III, both without prejudice. Because Counts II and IV had previously been dismissed and because all of ICOP's claims had been resolved in the bench trial, this dismissal fully resolved the case in the district court.

Meanwhile, in the arbitral proceedings, ECC asserted that the district court had merely dismissed ECC's *tort* cause of action for bad

faith when it dismissed count II of its counterclaim, but that ECC was free to assert a *contractual* bad faith claim, which would entitle it to full consequential damages. The panel of arbitrators decided that it did not have jurisdiction to hear ECC's claim for "bad faith refusal to perform under the surety bonds" as a result of the district court's earlier rulings, but stated that it would "defer to the express declaration of a court . . . that the 'bad faith' claim [wa]s arbitrable," apparently encouraging ECC to return to the district court. (J.A. at 210-13.) ECC then filed a motion in the district court asking the court to "clarify" that its earlier rulings did not preclude ECC from either arbitrating or litigating a claim for consequential damages resulting from a bad faith breach of contract. ICOP filed a cross-motion asking the court to "clarify" that ECC was, in fact, precluded.

The district court responded to the parties' motions in an order dated March 30, 2001. The order stated that the panel of arbitrators did not have jurisdiction to hear a contractual bad faith claim and that ECC and PCIII could not raise such a claim after the resolution of the arbitration. The court reasoned that "[t]he claim was not raised as a component of the counterclaim, and issues that were not subject to the stay should have been brought before the court at the proper time." (J.A. at 225.) ECC moved the district court to reconsider, but in an order dated April 13, 2001, the court reiterated its view that ECC could not assert a contractual bad faith claim, either in court or in arbitration. (J.A. at 226-27.) ECC now appeals the district court's orders of March 30 and April 13, 2001.

II.

At the outset, we must determine whether we have jurisdiction to hear ECC's appeal. Courts of Appeals have jurisdiction to hear "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291 (West 1993). "[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996); *Cf.* Fed. R. Civ. P. 54(b) (allowing district courts to certify an order disposing of fewer than all the claims among all the parties as final). When a party moves a district court for relief from a final decision under Federal Rule of Civil Procedure 60(b), the resulting order

is also a "final decision." *See Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 870-871 (4th Cir. 1999) (reviewing a Rule 60(b) order); Fed. R. Civ. P. 60(b).

In this case, the district court's order of November 14, 2000, resolved all of the claims among all of the parties before the court, and left nothing for the court to do. This order was thus a "final decision" of the district court. *See Quackenbush*, 517 U.S. at 711. The parties then filed cross-motions to "clarify" certain of the district court's rulings. Because these motions were filed more than 10 days after the entry of judgment in the case, we treat them as Rule 60(b) motions for relief from a final judgment, *see CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 400 (4th Cir. 1995). Accordingly, although we do not have jurisdiction to review the November 14 order because a notice of appeal was not timely filed, the district court's orders of March 30 and April 13, 2001, are themselves final decisions resolving the parties' Rule 60(b) motions. Because a notice of appeal was timely filed, we have jurisdiction to review these two orders.

ICOP asserts that the presence of an ongoing arbitration among the parties negates the finality of the district court's order. According to ICOP, we should wait for the arbitration to conclude and allow any legal issues to be resolved in an action to confirm the arbitral award. *See Humphrey v. Prudential Securities Inc.*, 4 F.3d 313, 317-318 (4th Cir. 1993) (holding that a decision to stay proceedings and compel arbitration is not a final judgment even when all other claims in which the arbitrable dispute was "embedded" are resolved). ICOP's reliance on our decision in *Humphrey* is misplaced. In *Humphrey*, the district court never entered a final order, but rather stayed the case pending the resolution of the arbitration.[1] *See id.* It was certain that the parties would return to the district court for the entry of final judgment after the arbitration, and all of the issues in the case could be resolved in one appeal from that final judgment. In this case, although the district court initially stayed Count I, it later revisited that decision. After the

---

[1]This is the usual and preferred method of handling a case that involves both arbitrable and non-arbitrable issues, or a petition to compel arbitration. We note that some of the issues raised in this appeal could have been avoided had the district court followed this procedure.

bench trial, it dismissed both Count I and Count III without prejudice. Nothing obliges the parties to return to the district court. If one of the parties brings an action to confirm an arbitral award, it will be in a separate, independent action, which must be filed in the district in which the arbitration was held. *See* 9 U.S.C.A. § 9 (West 1999). The issues raised in this appeal will not be reviewable in that action. *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318-19 (4th Cir. 2002) (holding that a party is precluded from relitigating an issue raised and litigated in a previous action between the same parties). In sum, nothing in *Humphrey* casts doubt upon the finality of the district court's order in this case.

### III.

Having determined that we have jurisdiction to hear ECC's appeal, we now turn to the merits. "District court decisions granting or denying Rule 60(b) relief are reviewed for abuse of discretion, although 'the exercise of discretion cannot be permitted to stand if we find it rests upon' an error of law." *U.S. v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003) (quoting *Agostini v. Felton*, 521 U.S. 203, 238 (1997)).

We believe that the district court abused its discretion when it held in its orders of March 30 and April 13, 2001 that ECC was barred from pursuing a contractual bad faith claim. The district court concluded that ECC had pleaded only a standard breach of contract claim and not a claim for *bad faith* breach of contract. It reasoned that any "bad faith" type claim was barred by ECC's failure to raise the claim in its counter-complaint.

The district court misconstrued ECC's counter-complaint. Paragraph 60 of the amended counter-complaint alleges that ICOP "failed to deal in good faith with ECC," and specifies the facts underlying the assertion. (J.A. at 117.) Paragraph 60 was explicitly incorporated into Count I of the counter-complaint, which requested consequential damages in paragraphs 78 and 79. Taken together, these paragraphs give fair notice to ICOP of the nature of ECC's contractual bad faith claim and the grounds upon which it rests. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that a complaint is sufficient if it gives "fair notice of what the plaintiff's claim is and the grounds upon

which it rests"); *A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 677 (4th Cir. 1986) (holding under Virginia law that a bad faith breach of contract justifies an award of full consequential damages). Accordingly, ECC sufficiently pleaded a cause of action for consequential damages caused by a bad faith breach of contract.

Because the district court dismissed Count I of ECC's counter-complaint without prejudice, ECC is free to reassert that claim. "The primary meaning of 'dismissal without prejudice,' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). If ECC chooses to refile this claim, the district court would be free to stay the action pending the outcome of the arbitral proceedings, if appropriate. 9 U.S.C.A. § 3 (West 1999).

The district court also abused its discretion by opining on the arbitrability of ECC's contractual bad faith claim. The only ruling that the district court had made concerning the arbitrability of the parties' dispute came in response to a motion by ECC to compel ICOP to arbitrate *ICOP's* claim. Because neither ECC nor ICOP petitioned the district court to compel arbitration of *ECC's* counterclaims, *see* 9 U.S.C.A. § 4 (West 1999), the district court had not ruled on their arbitrability in its order of November 14, 2001, or any of its previous orders. Thus, there was no "final judgment, order or proceeding" regarding the arbitrability of ECC's counterclaims from which the district court could relieve either party under Rule 60(b). *See* Fed. R. Civ. P. 60(b) (allowing the district court to "relieve a party or a party's legal representative from a final judgment, order or proceeding"). The district court thus abused its discretion by addressing an issue raised for the first time in a Rule 60(b) motion that did not relate to the validity of one of its prior orders.

## IV.

For the foregoing reasons, we reverse the judgment of the district court.[2]

---

[2]Our reversal in this case leaves the parties in the following posture: (1) the district court's original dismissal without prejudice of Count I of

the counterclaim still stands; (2) the case is closed in the district court; and (3) ECC is free to refile a claim for bad faith breach of contract in a district court of competent jurisdiction or file a petition to compel arbitration of its contractual bad faith claim, *see* 9 U.S.C.A. § 4 (West 1999). If ECC chooses to refile its claim, the district court can stay the claim pending the outcome of the arbitral proceedings, if appropriate. We express no opinion on the merits of a petition to compel arbitration or on the merits of ECC's contractual bad faith claim.