45 F.3d 427
 RICO Bus.Disp.Guide 8721
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PAINEWEBBER, INCORPORATED, Plaintiff-Appellee,
v.
Billie ALLEN; Eleanor K. Benson, a/k/a Eleanor K. Fuller;
Charles Brotman; Elizabeth Domino; Joseph S. Domino; Ruth
H. Gray; Bruce G. Harris; Edith B. Harris; Constance N.
Kalkhof; Barbara B. Lewis; Robert Hall Lewis; Joan F.
McDonald; Marie O. Newberger; Gertha Pollard; Linda M.
Safyan; Vernon Lee Thompson; Charles J. Toner, Jr.;
Delores Weinberger; Hal Weinberger, a/k/a Harold
Weinberger, Defendants-Appellants,
and E. Jean Metcalf, Defendant.
 No. 93-1575.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 27, 1993.
Decided Jan. 10, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-591-R)
 ARGUED: Harold John Bender, BIFULCO, BENDER & SCARPITTI, Erie, PA, for Appellants. Lonnie Dayton Nunley, III, HUNTON & WILLIAMS, Richmond, VA, for Appellee. ON BRIEF: Wayne G. Johnson, GIFFORD, LAY & JOHNSON, Erie, PA, for Appellants. James E. Farnham, HUNTON & WILLIAMS, Richmond, VA, for Appellee.
 Before WIDENER and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The defendants in this case bought partnership interests in PaineWebber Equity Partners I Limited Partnership (EP-I), a Virginia limited partnership, from the plaintiff, PaineWebber, Inc. (PaineWebber). The defendants appeal from the district court's grant of summary judgment in favor of PaineWebber in its declaratory judgment action brought to bar arbitration of the defendants' claims by the National Association of Securities Dealers (NASD).
 
 
 2
 The facts, which are undisputed, are stated briefly as follows.[1] The defendants bought limited partnerships in EP-I prior to July 17, 1986. On July 17, 1992, the defendants filed a Statement of Claim with NASD against PaineWebber and sought arbitration of their claims, based on their purchase of partnerships in EP-I. The Statement of Claim, as amended, asserted several theories of recovery, including a claim based on violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961 (RICO). NASD granted the defendants' request to arbitrate. PaineWebber then filed a complaint, seeking a declaratory judgment that the claims asserted by the defendants were not eligible for arbitration, pursuant to Sec. 15 of the NASD Code of Arbitration, which states:
 
 
 3
 Sec. 15. No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.
 
 
 4
 The defendants filed a motion to dismiss PaineWebber's complaint on grounds appealed here that the court lacked diversity jurisdiction under 28 U.S.C. Sec. 1332 or other subject matter jurisdiction under the Federal Arbitration Act since that Act does not, in and of itself, create such jurisdiction. The district court denied the motion to dismiss, holding that it had diversity jurisdiction and the issue of arbitrability was "undeniably an issue for judicial determination." PaineWebber v. Allen, No. 3:92CV591, slip op. at 4 (E.D. Va. Nov. 12, 1992) (Order and Memorandum Opinion denying Motion to Dismiss), quoting AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986).
 
 
 5
 The defendants filed a second motion to dismiss, pursuant to Fed.R.Civ.P. 19(b), claiming that PaineWebber failed to join one of the claimants who filed the Statement of Claims with NASD. Defendants contended that this claimant was an indispensable party who would, if joined, have defeated diversity jurisdiction. The district court held that the qualification of a person as a necessary party under Rule 19(a) was a prerequisite to dismissing an action under Rule 19(b) for failure to join an indispensable party. The district court found that the defendants did not demonstrate that the non-joined claimant was necessary under Rule 19(a)(2) in that she did not claim an interest relating to the subject of the action within the meaning of the Rule because the limited partners were not in privity with one another with respect to the underlying investments, and an injunction against defendants would have no effect upon the non-joined investor's interest in EP-I. It also found that the non-joined investor's interest was adequately represented by the current parties to the litigation. Therefore, the district court denied the second motion to dismiss, finding that if the claimant was not a necessary party under Rule 19(a), she could not be an indispensable party under Rule 19(b). PaineWebber v. Allen, No. 3:92CV591, (E.D. Va. Mar. 16, 1993).
 
 
 6
 The parties filed cross-motions for summary judgment, with PaineWebber seeking a determination that the defendants' claims were not eligible for NASD arbitration and the defendants seeking a denial of PaineWebber's motion for summary judgment, thus permitting NASD to arbitrate their claims. The district court granted summary judgment in favor of PaineWebber. As to the pre-sale claims of the defendants, the district court determined that the claims were not eligible for arbitration under NASD Code Sec. 15, since the occurrence or event giving rise to the claim was the defendants' purchase of the limited partnership interests, which was more than six years prior to the arbitration demand. As for the RICO claim, the district court also applied the NASD Sec. 15 eligibility requirement of six years from the sale date of EP-I limited partnerships to the claimants, and held that such a claim's alleged fraudulent occurrence or events relating to PaineWebber's sale of limited partnerships other than and subsequent to the sale of EP-I could not extend this eligibility since none of the defendants invested in any PaineWebber limited partnerships offered subsequent to EP-I.
 
 
 7
 The defendants appeal, claiming error on the basis that 1) no subject matter jurisdiction existed under the Federal Arbitration Act, 9 U.S.C. Sec. 1; 2) the applicable statute of limitations on a RICO claim is four years from the date the defendants discovered their injury and not NASD's six-year eligibility from the date of the sale of EP-I; and 3) the district court erred in failing to dismiss PaineWebber's complaint upon learning that PaineWebber had, for the purpose of creating diversity jurisdiction, failed to join a party.
 
 
 8
 We review de novo the district court's decision granting summary judgment, Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166-67 (4th Cir.1988), as well as the jurisdictional questions here, see Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208 (4th Cir.1992), cert. denied, --- U.S. ----, 61 U.S.L.W. 3667 (1993). Having performed such a review, we are of opinion that the district court correctly held that it had diversity jurisdiction and did not hold that the Federal Arbitration Act confers jurisdiction;[2] that non-joinder of the non-diverse claimant was proper; and that the NASD Code Sec. 15 six-year eligibility from the date the defendants purchased their interests in EP-I properly governed the RICO claim of the defendants.
 
 
 9
 Therefore, we affirm on the basis of the district court's opinions noted above.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The parties largely stipulated to the facts. See JA 204-14
 
 
 [2]
 See Delta Fin. Corp. v. Paul D. Comanduras & Assoc., 973 F.2d 301, 303 n. 1 (4th Cir.1992)